Qualified Impressions, LLC v Pessa (2025 NY Slip Op 01246)

Qualified Impressions, LLC v Pessa

2025 NY Slip Op 01246

Decided on March 5, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 5, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
PAUL WOOTEN
BARRY E. WARHIT
LILLIAN WAN, JJ.

2023-07204
 (Index No. 617402/22)

[*1]Qualified Impressions, LLC, etc., respondent,
v
Greg Pessa, appellant.

Jones Law Firm, P.C., New York, NY (Elaine Platt and Bryce Jones of counsel), for appellant.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Nassau County (Christopher G. Quinn, J.), entered July 10, 2023. The order, insofar as appealed from, denied those branches of the defendant's motion which were to dismiss the cause of action alleging breach of contract and for an award of attorneys' fees and costs as well as punitive damages.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff commenced this action, inter alia, to recover damages for breach of contract and defamation. Roughly, the plaintiff alleged that the defendant breached their contract by not paying the plaintiff for services rendered and by posting a negative online review of the plaintiff and that the defendant defamed the plaintiff in the online review. The defendant moved, among other things, to dismiss the complaint and for an award of attorneys' fees and costs as well as punitive damages, based on the plaintiff having allegedly violated the anti-SLAPP statute (see generally VIP Pet Grooming Studio, Inc. v Sproule, 224 AD3d 78). The plaintiff filed an amended complaint that alleged breach of contract and another cause of action, but that did not include a cause of action alleging defamation or allegations relating to the online review. The defendant moved to dismiss the amended complaint and for an award of attorneys' fees and costs as well as punitive damages, based on the plaintiff having allegedly violated the anti-SLAPP statute. In an order entered July 10, 2023, the Supreme Court, inter alia, denied those branches of defendant's motion which were to dismiss the cause of action alleging breach of contract and for an award of attorneys' fees and costs as well as punitive damages. The defendant appeals.
The Supreme Court properly denied that branch of the defendant's motion which was for an award of attorneys' fees and costs as well as punitive damages based on the plaintiff having allegedly violated the anti-SLAPP statute. "[W]hen an amended complaint has been served, it supersedes the original complaint and becomes the only complaint in the case" (Burger v Village of Sloatsburg, 216 AD3d 730, 732; see Seidler v Knopf, 186 AD3d 886, 888; R & G Brenner Income Tax Consultants v Gilmartin, 166 AD3d 685, 688). Here, since the amended complaint superseded the original complaint and became the only complaint in the case, the court had no occasion to consider whether the defendant was entitled to a remedy under the anti-SLAPP statute based on allegations made in the original complaint.
Further, the Supreme Court properly denied that branch of the defendant's motion which was to dismiss the cause of action alleging breach of contract. The amended complaint sufficiently alleged the elements of a breach of contract cause of action, and the evidence submitted by the defendant failed to demonstrate that the plaintiff did not have a cause of action to recover damages for breach of contract (see Friends of Wickers Cr. Archeological Site, Inc. v Landing on the Water at Dobbs Ferry Homeowners Assn., Inc., 198 AD3d 726, 728).
Accordingly, we affirm the order insofar as appealed from.
DILLON, J.P., WOOTEN, WARHIT and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court